UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 2:19-cv-12612 |
| v. | ) |
| **JACKSON CENTRE, L.L.C.,** a Michigan limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, Jackson Centre, L.L.C., a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Jackson Centre, L.L.C.'s place of public accommodation, a shopping plaza commonly known as Jackson Centre, is located at 3901-3939 Jackson Road, Ann Arbor MI 48103 in Washtenaw County. Plaintiff has patronized Defendant's facility and the businesses located therein as a place(s) of public accommodation.

6. Upon information and belief, the shopping plaza owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a shopping plaza, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing, walking and dexterity of clasping or grasping with his hands, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and tennis in Southeast Michigan and Ann Arbor, Michigan in particular. Leland Foster travels to Ann Arbor to participate in adaptive sporting events including a twice monthly wheelchair tennis program. He also does and has received medical treatment at the Michigan Medicine University of Michigan. Due to his involvement in these activities and services, Plaintiff has many friends in Ann Arbor the surrounding area whom he socializes with regularly, and frequents many establishments in the Washtenaw County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

9. On July 25, 2019, March 5, 2019, Jan 11, 2017, Sept 13, 2017 and on previous and subsequent occasions, Mr. Foster patronized the Defendant's shopping plaza, including but not limited to the Uptown Coney Island restaurant and China King restaurant. While at Defendant's place of public accommodation, Mr. Foster encountered architectural barriers at the subject property that violate the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services

available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping plaza owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking

    A. There are an insufficient number of designated accessible parking spaces and they are not disbursed throughout the plaza, in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking spaces lack signage, in violation of the ADA whose remedy is readily achievable.

    C. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    D. There are cracks and changes in level on the surface of the designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

Accessible Routes

    E. The ramp to access retail stores at the plaza has a change in level in excess of ¼ inch at the terminus, in violation of the ADA whose remedy is readily achievable.

    F. The only curb ramp to access the retail stores projects into vehicular traffic lanes, in violation of the ADA whose remedy is readily achievable.

    G. There are cracks and changes in level in excess of ¼ inches on accessible route, in violation of the ADA whose remedy is readily achievable.

    H. There is no accessible route from the existing designated accessible parking to the retail entrances partly due to a complete lack of curb cuts disbursed throughout the plaza, in violation of the ADA whose remedy is readily achievable.

Michigan China King

    I. The entrance threshold exceeds ½ inch, in violation of the ADA whose remedy is readily achievable.

    J. The inner entrance door lacks required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

    K. The inner entrance door contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Uptown Coney Island

    L. The inner entrance door lacks required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

    M. The men's restroom contains amenities, including a soap dispenser and paper towel dispenser, located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    N. The men's restroom water closet height is below the required height range, in violation of the ADA whose remedy is readily achievable.

    O. The men's restroom toilet paper dispenser is not mounted in the required location and as such impedes use of the side grab bar, in violation of the ADA whose remedy is readily achievable.

    P. The men's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

    Q. The men's restroom toilet compartment entirely lacks a rear grab bar, in violation of the ADA whose remedy is readily achievable.

    R. The baby changing station in the men's restroom requires tight grasping or twisting to operate and its operable parts are above allowable height, in violation of the ADA

      whose remedy is readily achievable.

S. The men's restroom mirror is located above the required height, in violation of the ADA whose remedy is readily achievable.

T. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

U. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

V. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**</u>

16.    Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by Jackson Centre, L.L.C. is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

**M.C.L. § 37.1301 *et seq*.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant Jackson Centre, L.L.C.'s shopping plaza is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, in particular, the Defendant has failed to create safe and lawful designated accessible parking and accessible routes from parking to the retail storefronts. This risks Mr. Foster and others' safety.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812) *
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Email:  valeriefatica@gmail.com
*Admitted to practice in the Eastern District of Michigan